**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN CHECCHIA, on behalf of himself and all others similarly situated, | Civil Action No. 2:21-cv-3585 _____ |
| Plaintiff, | [Removed from the Court of Common Pleas, Philadelphia County, Pennsylvania, Case No. 210501685] |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 Defendant Bank of America, N.A. ("BANA") hereby removes this case from the Pennsylvania Court of Common Pleas of Philadelphia County (the "State Court") to the United States District Court for the Eastern District of Pennsylvania on the following grounds:

(1) ***CAFA Jurisdiction***: This Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453 because minimum diversity exists, the number of members of the proposed putative class in the aggregate is at least 100 class members, and the aggregate amount in controversy exceeds $5 million.

In support of this Notice of Removal, BANA states as follows:

## I.     FACTUAL AND PROCEDURAL BACKGROUND

1.     On May 19, 2021, Plaintiff Steven Checchia ("Plaintiff") filed a Class Action Complaint in Case No. 210501685, in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "State Court Action"). A true and correct copy of the Class Action Complaint

along with copies of the process, pleadings, and orders in the State Court Action are attached hereto as **Exhibit 1**.

2.      Plaintiff's Complaint describes this action as being brought "on behalf of himself and a class of all similarly situated consumers." Compl. ¶ 1. Plaintiff alleges that BANA improperly assessed multiple non-sufficient funds fees ("NSF Fees") and/or overdraft ("OD Fees") on the same check. *Id*.

3.      Based on these allegations Plaintiff asserts claims against BANA for breach of contract, breach of the covenant of good faith and fair dealing, violation of North Carolina's Unfair and Deceptive Trade Practices Act, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *See generally* Compl.

4.      Plaintiff seeks to represent the following proposed class:

All Bank of America checking account holders in the United States who, during the applicable statute of limitations, were charged multiple NSF Fees and/or OD Fees on the same check (the "Nationwide Class"). *Id*. at ¶ 45.

5.      BANA was served with the Complaint in the State Court Action on July 13, 2021. Ex. 1 at Acceptance of Service of Complaint.

6.      Plaintiff is a citizen of Pennsylvania. Compl. ¶ 7.

7.      BANA is a national banking association with its main office located in North Carolina.  *See* **Exhibit 2**, Declaration of Preston Taylor ("BANA Decl.") ¶ 1.

8.      Plaintiff and Class Members seek actual, treble, and punitive damages, in addition to attorneys' fees. *See* Compl., prayer for relief.

## II.    JURISDICTIONAL BASIS FOR REMOVAL

9.      Pursuant to CAFA, 28 U.S.C. §§ 1332 and 1441, removal to this Court is proper because this Court has jurisdiction over class actions where: (1) there is minimal diversity (i.e., the

citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregate claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).  CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

10.     As required by 28 U.S.C. § 1441, BANA seeks to remove this case to the United States District Court for the Eastern District of Pennsylvania, which is the District Court embracing the place where the State Court Action has been filed.

**A.  <u>Minimal Diversity Exists.</u>**

11.     To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2).

12.     For diversity purposes, BANA is a national banking association organized under federal banking law, and as such it is a citizen of the state where its main office is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located.").  BANA's main office is located in North Carolina. Accordingly, BANA is a citizen of the state of North Carolina.

13.     Plaintiff alleges that he is a citizen of Pennsylvania. Compl. ¶ 7.

14.     Accordingly, it is clear that at least one member of the putative class, Plaintiff, is a citizen of a state different from that of BANA, and minimal diversity exists between the parties under CAFA in this civil action.

**B.  <u>The Putative Class Consists of More Than 100 Members.</u>**

15.     To qualify for removal under 28 U.S.C. § 1332(d)(2), BANA must establish that Plaintiff's putative class contains 100 or more individuals. *See* 28 U.S.C. § 1332(d)(5).

16.     Plaintiff's Complaint describes this action as being brought "on behalf of himself and a class of all similarly situated consumers." Compl. ¶ 1. Plaintiff alleges that BANA improperly assessed multiple NSF Fees and/or OD Fees on the same check. *Id*. Plaintiff purports to bring this action under Chapter 17 of the Pennsylvania Rules of Civil Procedure on behalf of:

> All Bank of America checking account holders in the United States who, during the applicable statute of limitations, were charged multiple NSF Fees and/or OD Fees on the same check (the "Nationwide Class"). *Id*. at ¶ 45.

17.     On the face of the Complaint, Plaintiff alleges that the putative class contains "hundreds of thousands of members" and that members of the class are "so numerous that joinder is impractical." *Id*. at ¶ 48.

18.     Further, based on a preliminary review of BANA's records, BANA has identified more than 100 BANA account holders who incurred a NSF and/or OD Fee on a re-presented check in April 2021 alone, indicating that substantially more than 100 BANA checking account holders incurred NSF and/or OD Fees on checks re-presented during any potential putative class period. *See* BANA Decl. ¶ 14. *See also Anthony C. Mengine Law, Inc. v. Healthport,* 695 F. Supp. 2d. 225, 231 (W.D. Pa. 2010) (recognizing that courts review and rely upon declarations submitted by defendants to support removal).

19.    Each of these accounts meets the following criteria: (1) the person has or had a checking account with BANA; (2) the person wrote a check that was initially declined when first presented for payment; and (3) the person was then charged one or more NSF or OD Fees when the check was subsequently re-presented for payment. BANA Decl. ¶¶ 13-14.

20.    Given that Plaintiff's putative class includes more than 100 BANA accountholders for just April 2021, the total number of putative class members indisputably exceeds 100 during any potential class period. *Id.*

21.    Plaintiff's allegation that the putative class contain "hundreds of thousands of members" also acknowledges the size of the putative class. Compl. ¶ 48.

22.    Accordingly, the aggregate number of class members in Plaintiff's proposed class is at least 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

**C.    The Aggregate Amount in Controversy Exceeds $5 Million, Exclusive of Interest and Costs.**

23.    Under 28 U.S.C. § 1332(d), a class action is removable if the aggregate amount in controversy is greater than $5 million, exclusive of interest and costs.  *See* U.S.C. § 1332(d)(2). Plaintiff's putative class claims exceed that threshold.

24.    To invoke federal court jurisdiction, a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC*, v. *Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

25.    If the non-removing party contests the allegation, then removal is proper "'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)).

26.     Here, Plaintiff does not allege a specific amount in controversy.  Thus, the Court may consider the Notice of Removal and other relevant documents concerning the amount in controversy.  *See The Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 322-23 (E.D. Pa. 2001) (in assessing amount in controversy, "the court must first look to the complaint . . . [and] may also look to the Notice of Removal, stipulations . . .  affidavits, and other documentation that is relevant to the value of the claims at issue"); *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).  "Because the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal then serves the same function as the complaint would in a suit filed in federal court."  *Lorah v. SunTrust Mortg., Inc.*, No. CIV.A. 08-703, 2009 WL 413113, at *5 (E.D. Pa. Feb. 18, 2009), as corrected (Feb. 19, 2009) (citations omitted).

27.     Under CAFA, the claims of individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42.

28.     Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 (stating that "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of

exercising jurisdiction over the case. . . .  Overall, new section 1332(d) is intended to **expand**

**substantially federal court jurisdiction over class actions**.  Its provisions should be read broadly,

with a strong preference that interstate class actions should be heard in a federal court if properly

removed by any defendant") (emphasis added).

29.    "[F]ederal jurisdiction exists unless it appears, to a legal certainty, that the plaintiff

was never entitled to recover the jurisdictional amount." *Kaufman*, 561 F.3d at 151 (citing

*Frederico v. Home Depot,* 507 F.3d 188, 194 (3d Cir. 2007)).

30.    While BANA denies any liability as to Plaintiff's claims, based on the

allegations, claims asserted, and prayer for relief set forth in the Complaint, the amount in

controversy in this action, exclusive of interests and costs, exceeds the sum of $5 million.[1]

BANA's establishment of the amount in controversy, as set forth below, is based on assumptions

for purposes of removal only as to the amount that Plaintiff claims to be able to recover if he

prevails on his claims.

31.    In determining the amount in controversy, courts take into account the amount of

(1) compensatory damages; (2) punitive damages; (3) attorneys' fees; and (4) the cost of

compliance with injunctive relief.  *Frederico*, 507 F.3d at 198-99 (considering compensatory

damages, statutory treble damages, punitive damages and attorneys' fees in analyzing the amount

in controversy requirement).  Here, the claims alleged on behalf of the class, in the aggregate, seek

well above the jurisdictional minimum of $5 million.

---

[1] BANA does not concede and reserves the right to challenge Plaintiff's theory of liability and
damages.

32.     Here, Plaintiff seeks, amongst others, "treble damages" under North Carolina's Unfair and Deceptive Trade Practices Act. Compl. ¶ 69. The statute of limitations for any action brought pursuant to this Act is four years. *See* N.C.G.S. § 75-16.2.

33.     Based on BANA's preliminary investigation, BANA estimates that beginning in January 2020, its average monthly gross revenue from NSF and/or OD Fees assessed on checks re-presented through the ACH network and labeled as such is well in excess of $35,000. BANA Decl. ¶ 15. Extrapolating that figure over a four-year period and trebling it based on the damages sought by Plaintiff demonstrates that the disputed aggregate amount in controversy exceeds $5 million not including interest, costs, or attorneys' fees. *Id*.

34.     Thus, the amount in controversy in Plaintiff's putative class action plainly exceeds CAFA's jurisdictional threshold. *See* 28 U.S.C. § 1332(d)(2).

**D.  Plaintiff's Asserted Claims Involve Common Questions of Law or Fact.**

35.     Under CAFA, removal also requires that a plaintiff's claims involve common questions of law or fact.  28 U.S.C. § 1332(d)(11); *Portnoff v. Janssen Pharmaceuticals, Inc.*, 237 F. Supp. 3d 253, 256 (E.D. Pa. 2017).

36.     Here, there is no dispute that Plaintiff's claims allegedly involve common questions of law or fact.  Plaintiff's Complaint lists no fewer than six questions of law or fact common to the Class.  Compl. ¶ 50.

37.     Without waiving any procedural or merit-based objections that BANA may have to Plaintiff's asserted claims, BANA agrees that Plaintiff's Complaint purports to contain multiple claims involving common questions of law or fact, satisfying the commonality removal requirement of 28 U.S.C. § 1332(d)(11).

### III.    PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

38.    This action has not previously been removed to federal court.

39.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that such Notices "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

40.    BANA filed this Notice of Removal within 30 days of July 13, 2021, the date on which BANA was served with the Class Action Complaint.  The Class Action Complaint was the first pleading from which it could be ascertained "that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3).  Accordingly, this action is being removed within 30 days of the first date after the receipt by BANA of service of any paper giving it notice that the action was removable.

41.    A copy of this Notice of Removal is being filed in the State Court Action and served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

42.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon BANA in the State Court Action are attached hereto as Exhibit 1.

43.    Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because it is the "district court of the United States for the district and division embracing the place where [this] action is pending."

44.    Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by BANA of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of

any of BANA's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.    BANA expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

45.     None of the exceptions contained in 28 U.S.C. § 1332(d) prevent this Court from exercising jurisdiction over this class action.

46.     Therefore, this case may be removed because (i) there is diversity of citizenship between the parties; (ii) this is a civil class action for monetary relief in which more than 100 or more persons are proposed to be tried jointly; (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs; (iv) Plaintiff's claims involve common questions of law or fact; and (v) no exceptions apply. This case is properly removed to this Court pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453.

WHEREFORE, BANA prays that the above-captioned action now pending in the Court of Common Pleas, Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.


Dated:   August 11, 2021                          Respectfully submitted,

                                                  /s/ *Jarrod D. Shaw*
                                                  Jarrod D. Shaw (PA 93459)
                                                  MCGUIREWOODS LLP
                                                  Tower Two-Sixty
                                                  260 Forbes Avenue
                                                  Suite 1800
                                                  Pittsburgh, PA 15222
                                                  P: (412) 667-7986
                                                  F: (412) 667 7970
                                                  jshaw@mcguirewoods.com

                                                  *Attorneys for Defendant Bank of*
                                                  *America, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 11, 2021, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Kenneth J. Grunfeld
GOLOMB & HONIK, P.C.
1835 Market Street, Suite 2900
Philadelphia, PA 19104
kgrunfeld@golombhonik.com

Jeff Ostrow
Jonathan Streisfeld
FERGUSON WEISELBERG GILBERT
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
ostrow@kolawyers.com
streisfeld@kolawyers.com

*Attorneys for Plaintiff*

*/s/ Jarrod D. Shaw*
Jarrod D. Shaw

*Attorneys for Defendant*
*Bank of America, N.A.*