IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN CHECCHIA, on behalf of himself and all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 21-3585 |
| v. | : : | |
| BANK OF AMERICA, N.A., | : : | |
| Defendant. | : | |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND APPLICATION FOR SERVICE AWARD, ATTORNEYS' FEES, AND COSTS**

**WHEREAS**, this matter having come before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Application for Service Award, Attorneys' Fees, and Costs (ECF No. 21), the Court, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised, finds that:

1.  This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

2.  This Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b). The Class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Representative Plaintiff are typical of the claims of the Class, and the Representative Plaintiff will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

1

3. Notice to the Class required by Rule 23(d) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, entered February 16, 2023, and such Notice by mail and publication has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

4. Notice of Settlement was timely mailed to governmental entities as provided for in 28 U.S.C. § 1715.

5. The Settlement (i) is in all respects fair, reasonable, and adequate to the Settlement Class, (ii) was the product of informed, arms-length negotiations among competent, able counsel, and (iii) was made based upon a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only six opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

6. The distribution plan proposed by the Parties in the Agreement is fair, reasonable, and adequate.

7. The Class Representative and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

**IT IS THEREFORE ORDERED AND ADJUDGED THAT**:

A. This action is finally certified as a class action against Bank of America, N.A., on behalf of a Class defined as follows:

    i. All Accountholders of BANA consumer checking and/or savings accounts ("Accounts") in the United States who, during the Class

>>Period, paid and were not refunded a NSF Fee and/or OD Fee in connection with: (a) an ACH entry on their Account that was submitted by the merchant or the merchant's bank with a "REDEP CHECK" indicator; or (b) a physical check (not an ACH transaction) that was re-presented for payment after having initially been returned for non-sufficient funds and charged an NSF Fee within the preceding 28 calendar days.
>>
>>Excluded from the Settlement Class is BANA, its parents, subsidiaries, affiliates, officers and directors, all Settlement Class members who make a timely election to optout, and all judges assigned to this litigation and their immediate family members;

>ii.   Within the Settlement Class Period beginning on May 19, 2017 and ending on the date of Preliminary Approval.

B.   A list of the individuals who have opted-out of the Settlement is attached hereto as **Exhibit A**. Those individuals will not be bound by the Agreement or the Releases contained therein.

D.   Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

F.   All Parties to this Action, and all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

G.   The appointment of Plaintiff as Class Representative is affirmed.

H.   The appointment of Jeff Ostrow and Jonathan M. Streisfeld of Kopelowitz Ostrow P.A., Jeffrey D. Kaliel of KalielGold PLLC, and Kenneth J. Grunfeld of Golomb Spirt Grunfeld, P.C. as Class Counsel is affirmed.

I.   Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party.

J.   The Releasing Parties hereby fully and irrevocably release and forever discharge as

of the Effective Date, and in exchange for the relief described in the Settlement, the Class Representative and each Settlement Class Member, and each of their respective heirs, executors, administrators, trustees, guardians, agents, successors, and assigns, and all those acting or purporting to act on their behalf, fully and finally release and discharge the Released Parties of and from the Released Claims.  The Released Claims are dismissed with prejudice and released regardless of whether these claims are known or Unknown Claims, actual or contingent, liquidated or unliquidated.

      K.      If, consistent with the plan of distribution set forth in the Settlement, any Residual Funds exist after the first distribution, the residue will go to Settlement Class Members by way of a secondary distribution, if economically feasible.  Otherwise, the residue will go to an appropriate *cy pres* recipient, either a consumer protection or financial services charity, to be decided by the Court.

      L.      The Court hereby decrees that neither the Settlement, nor this Order, nor the fact of the Settlement, is an admission or concession by Defendant or the Released Parties of any fault, wrongdoing or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

      M.      The Class Representative is awarded a Service Award of $5,000.00, such amount

to be paid from the Settlement Fund in accordance with the terms of the Settlement.

N.	Class Counsel is awarded attorneys' fees in the amount of $2,666,666.66 and costs in the amount of $8,187.35, such amounts to be paid from the Settlement Fund in accordance with the terms of the Settlement.

O.	The Court also approves the payment of Settlement Administration Costs from the Settlement Fund.

P.	The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions from the Settlement Fund; (b) the Action, until the Effective Date, and until each act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

Q.	In the event that the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order shall be vacated.  In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and the Action shall return to its status immediately prior to execution of the Agreement.

**IT IS SO ORDERED.**


**Dated:  September 21, 2023**               **BY THE COURT:**


                                              */s/ R. Barclay Surrick*
                                              **R. BARCLAY SURRICK, J.**

## EXHIBIT A

1. DR. SEYMOUR BACHMAN REVOCABLE TRUST

2. TARA T. NGUYEN

3. CARMEN WILLOUGHBY

4. CHRISTOPHER TRICOCHE

5. DONNA A. MCALISTER

6. ROSE M. HURLIHE